## *In re* JAMES COOK *et al.* FOR AN OPINION.

### JUNE 20, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Wills.   Devise in Lieu of Dower.   Acceptance of Same.*

Where the disposition of his property under the terms of the will negative any intention on the part of testator to give the real and personal estate therein devised and bequeathed to his widow, in addition to her dower, the widow, not having, within the time limited by Gen. Laws (1896), cap. 203, § 21, signified in writing her non-acceptance of the provisions of the will, must be deemed to have accepted them in lieu of dower.

(2) *Wills.   Specific Bequests.*

Testator bequeathed to his widow one-half of all money in savings banks and the other half to two daughters, and by another clause provided that "I ask him (executor) to see that my grave is lined with stone slabs. The money for which as well as for his work to come out of my savings bank money before being divided":—

*Held*, that provision was thereby made, not only for the cost of lining the grave, but for the fees for the services of the executor in settling the estate, and that therefore the widow's share of the money was subject to such expenses, but that otherwise her part of the personal property was not subject to the debts of the deceased, his funeral expenses, and charges of administration.

(3) *Wills.   Sum Paid for Compromise, Expense of Administration.*

Pending an appeal from the probate of a will, a compromise was entered into by the parties and approved by the court:—

*Held*, that the sum paid by way of compromise might properly be considered as a part of expenses of administration of the estate, and therefore should be paid with other like expenses and from the same sources.

(4) *Rules for Payment of Debts, Expenses, etc.,*

Rules established in *Martin, Petitioner*, 25 R. I. 1, for the payment of the debts, funeral expenses, and charges of administration, approved.

CASE stated for opinion.

DUBOIS, C. J.   This is a case stated for an opinion, which reads as follows:

"*To the Honorable the Supreme Court,*

"Respectfully represents James Cook and Charlotte Cook Sayles, both of the city and county of Providence, in the State

of Rhode Island, individually, and as administrators with the will annexed of William Cook, deceased, late of said Providence, Kate Cook of said Providence, widow of said William Cook, William Cook of said Providence, Charlotte I. Cook of said Providence a minor, by her guardian Kate Cook, Kate Cook, Williminer Cook and Ann Cook, all minors of said Providence, by their mother and next friend, Kate Cook, Allison Cook of said Providence, a minor, by his father and next friend James Cook, and Willie Collins of said Providence, a minor, by his father and next friend Harry L. Collins, that they are all of the devisees, legatees and parties in interest under the will of William Cook, late of said Providence, deceased, and that they have adversary interests in certain questions which have arisen upon the construction of the will of said William Cook, deceased, and they concur in stating such questions in the form of a special case for the opinion of this Honorable Court.

"And to the end that the Court may have all the facts set forth it is agreed by the parties as follows:

"*First.*  That William Cook died at said Providence on the 27th day of May A. D. 1908, leaving a last will and testament, a copy of which is hereto annexed and marked 'exhibit A.'

"*Second.*  That the treasurer of the Rhode Island Hospital Trust Company, appointed Executor of said will having declined said appointment by written declination filed in the Municipal Court of said Providence, your petitioners James Cook and Charlotte Cook Sayles were duly appointed administrators with the will annexed on August 7, 1908, at which time said will was duly admitted to probate by said Muncipal Court.

"*Third.*  That within forty days from said 7th day of August A. D. 1908, Janet Cook Crowley, Kate Cook Collins and your petitioner Kate Cook, widow of said William Cook, appealed from the probate of said will, which appeal was duly tried in the Superior Court before a Justice of that court and a jury; that the verdict of said jury was that said instrument purporting to be the last will and testament of said William Cook was not the last will and testament of said William Cook,

that said administrators with the will annexed moved for a new trial of said appeal and that while said motion for a new trial was pending, an agreement of compromise was made by the terms of which said Janet Cook Crowley and Kate Cook Collins received the sum of three thousand dollars ($3,000) out of the estate of said William Cook, no part of which was to be taken out of the share of said Kate Cook in said estate; that said compromise agreement was ratified and confirmed by the Superior Court; that said motion for a new trial was granted; that the appeal and reasons therefor of said Janet Cook Crowley, Kate Cook Collins and Kate Cook were withdrawn; and that said will was established as the last will and testament of said William Cook and is in full force and effect.

· *"Fourth.* That the inventory on file in the Municipal Court of the City of Providence in said Estate shows that at the time of the death of said William Cook he was possessed of the following personal property; cash on deposit in Savings Banks $12,690.34; cash on hand in place of business $267.58; and stock, fixtures, etc., in store $2,179.60.

*"Fifth.* That said William Cook at the time of his decease owed debts amounting to $3,985.98; that the funeral charges and expenses of last sickness amounted to $400.50; and that the charges of administration of said estate, including the sum of $3,000.00 paid to Janet Cook Crowley and Kate Cook Collins amounted to $7,399.53; the total amount of said indebtedness, funeral expenses and expenses of administration amounting in all to $11,786.01.

*"Sixth.* That said William Cook died seized and possessed of the real estate mentioned in said will which is free of all encumbrances and valued at approximately $33600.00.

"Your petitioners upon the above statement of facts concur in requesting this Honorable Court for an opinion upon the following points:

"1.   Does Kate Cook, the widow of said William Cook take the real estate given to her in and by the first paragraph of said will in lieu of her dower, she not having signified her

non-acceptance of such provision in writing to the Probate Court within one year from the probate of said will?

"2. Does said Kate Cook, widow of said William Cook, also take the personal property given and bequeathed to her in said first clause of said will in lieu of her dower?

"3. If said Kate Cook also takes the personal property given and bequeathed to her in said first paragraph of said will in lieu of her dower, is her part of said personal property subject to the debts of the deceased, his funeral expenses and charges of administration upon his estate?

"4. If said Kate Cook does not take the personal property given and bequeathed to her in and by the first clause of said will in lieu of her dower, is said personal property subject to the debts of the deceased, his funeral expenses and charges of administration upon his estate?

"5. If said Kate Cook takes both the real estate and personal property given, devised and bequeathed to her in the first paragraph of said will in lieu of dower and free and clear of all debts, funeral expenses and charges of administration, it appearing that not sufficient personal property would remain to pay said debts, funeral expenses and expenses of administration, in what manner and from what interests and in what proportions should the necessary amount be taken to pay said debts, funeral expenses and charges of administration?

"6. From what interest or interests in said estate and in what proportion or proportions should the sum of $3000, paid to Janet Cook Crowley and Kate Cook Collins by compromise be taken?

"7. In what manner should the debts of said deceased, his funeral expenses and charges of administration be apportioned among the several devisees and legatees mentioned in said will?

"8. Should the real estate of which the deceased died seized and possessed, in any event, be made to contribute toward the debts of the deceased, his funeral expenses and charges of administration, and if so, in what event and to what extent should the several devisees of said real estate contribute of their share in said real estate?

"Upon all of the questions above propounded the parties in interest are at variance and inasmuch as they are unable to determine among themselves the legal questions raised they concur in asking the court for an opinion.

"Your petitioners further request that this Honorable Court will appoint guardians *ad litem* for the aforementioned minors, Charlotte I. Cook, Kate Cook, Williminer Cook, Ann Cook, Allison Cook and Willie Collins and that said guardians *ad litem* be authorized to join in this request, if they deem it advisable, in order that the property and estates of the said minors may be bound by the decision of this court upon the questions herein propounded.

"Respectfully submitted,

"Administrators with the will annexed of William Cook:
{ JAMES COOK, CHARLOTTE COOK SAYLES.

"JAMES COOK,

"CHARLOTTE COOK SAYLES,

"WILLIAM COOK,

"JAMES COOK,

"*Father and next friend of Allison Cook,*

"HARRY L. COLLINS,

"*Father and next friend of Willie Collins,*

"CHARLOTTE I. COOK,

"*By her guardian, Kate Cook,*

"KATE COOK, WILLIMINER COOK, AND ANN COOK,

"*By their mother and next friend, Kate Cook,*

"KATE COOK.

"EXHIBIT A.

"COPY OF WILL OF WILLIAM COOK, OF PROVIDENCE, R. I.

"In the name of the Lord Amen—

"I William Cook of the City and County of Prov. in the State of R.I. being of lawful age, of sound and disposing mind, calling to mind the frailty and uncertainty of life, and being desirous

of disposing of that property which God has blessed me with, do make publish and declare this and this only, to be my last will and testament.

"*First*—I give and bequeath to my wife Kate Cook the use of my house and furniture and land not otherwise disposed of, as long as she lives. Said house and land are at 735 Smith Street, Prov. I also give and bequeath to her one fifth part of my building at 14 No. Main Street, Prov. Also I give her one fifth part of the business carried on there, also one fifth part of the stock, fixtures, leases and money in Business Bank Account. I also give her one half of all money I have in Savings Banks.

"*Second*—I give and bequeath to my oldest daughter Charlotte Cook Sayles and her heirs forever, my house and lands, not otherwise disposed of, at 735 Smith St. Providence, also the furniture in said house. Said property is to become hers at once but my wife to have sole use of property till her death. I also give and bequeath to my daughter and her heirs, one fifth part of my Building at 14 No. Main St. Prov. to be hers and hers forever. I also give her one fifth part of the business carried on there, also one fifth part of the stock, fixtures, stock, leases there and other places. Also one fifth part of money in Business Bank Account. I also give her one quarter of all moneys I have in Savings bank. I give her more so she will make a home for my adopted children, one of them being feeble-minded.

"*Third*—to my son James Cook and his heirs I give and bequeath one fifth part of my building at 14 No. Main St. Prov. also one fifth part of the business carried on there also one fifth part of the stock, fixtures, all leases, and money in business bank account. I also give him all my carriages harness and automobiles.

"*Fourth*—to my son Wm. Cook I give and bequeath to him and his heirs one fifth part of my building at No. Main St. Prov. Also one fifth part of the business carried on there. Also one fifth part of the stock fixtures and leases and business bank account.

" *Fifth*—to my adopted daughter Charlotte I. Cook, and her heirs I give and bequeath one fifth part of my building at 14 No. Main St. Prov.   Also one fifth part of the business carried on there and also one fifth part of the stock, fixtures and leases and money in Business bank account.  I also give her my diamond ring.    I also give and bequeath to my adopted daughter Charlotte I. Cook and her heirs forever three (3) lots of land situated on the northerly side of Hilltop and Providence Avenues.   Said lots are marked 34, 35 and 36 on the plat from 7 Grosvenor.

" *Sixth*—to my daughter Kate Cook Collins I give the sum of ten dollars, she having already got five thousand dollars from me.

" *Seventh*—to my daughter Janet Cook, I give the sum of ten dollars, she being in no need of my property.

" *Eighth*—to my adopted daughter Kate Cook and her heirs I give and bequeath three lots of land on the southerly side of Hilltop Avenue, Providence.   Said lots are numbered 9–10–11 on the plat.

" *Ninth*—to my adopted daughter Wellinmer Cook, I give and bequeath to her and her heirs three lots of land on Hilltop Avenue Prov. said lots are numbered 6–7–8 on the plat.

" *Tenth*—to my adopted daughter Ann Cook I give and bequeath to her and her heirs two lots of land on the northerly side of Hilltop Avenue Providence, said lots being numbered 33–32 on the plat.

" *Eleventh*—to my granchild Allison Cook and his heirs I give and bequeath two lots of land on the northerly side of Hilltop Avenue Providence said lots being numbered 30 and 31 on the plat.

" *Twelfth*—to my grandson Willie Collins I give my gold watch and chain and my sword and guns and my books.

" *Thirteenth*—I appoint the Treasurer of the Rhode Island Hospital Trust Co. bank to be executor of this my last will and I ask him to see that my grave is lined top bottom and sides with stone slabs.   The money for which as well as for

his work to come out of my Saving bank money before being divided.

"In witness whereof I hereunto set my hand and seal.

"WILLIAM COOK (Seal)

"Signed, sealed, published and declared by the said William Cook as and for his last will and testament in the presence of us who at his request and in his presence and in the presence of each other, have subscribed our names as witnesses hereto.

"JOSEPH DELEVGON      (Seal)

"JOHN METZGER      (Seal)

"Dated at Providence R. I., 23 February 1908."

The case is brought under the provisions of Gen. Laws, 1909, cap. 289, § 20: "Parties having adversary interests in any question of the construction of any statute of this State, or of any will, deed, or other writing, or in any question of title or evidence of title to any real or personal estate contracted to be sold, or which is to be otherwise dealt with, or as to the parties to or the form of any deed or other instrument for carrying such contract into effect, or as to any matter or thing within the jurisdiction of a court of equity, may concur in stating such question, in the form of a special case, for the opinion of the supreme court; and executors, administrators, trustees, infants by their guardian or next friend, and married women, may concur in such statement; and the court may order any person having any interest therein to be summoned in and to be made party thereto; and the court, on hearing the case, may declare its opinion of the rights involved therein without administering any relief, and such declaration shall have the same effect as to all the parties before the court as if contained in a decree on original bill: *Provided,* that the court may decline to answer such questions as in its opinion it cannot properly decide."

(1)   In our opinion the first and second questions must be answered in the affirmative; there is nothing in the will that is indicative of the testator's intention to give the real and personal property therein devised and bequeathed to his widow, in addition to her dower interest in his real estate.   On the

contrary, the disposition made of his property by the terms of his will negative such an intention. After the decease of William Cook his widow had the right to elect whether she would enforce her right of dower in the real estate of her late husband or take under his will, under the provisions of Gen. Laws (1896), cap. 203, § 21: "The widow of any testator, in whose will provision is made for said widow in lieu of her dower, shall, in case of her non-acceptance of such provision, signify the same in writing to the probate court within one year from the probate of the will." As Kate Cook, the widow of William Cook, did not, within the time limited by the statute aforesaid signify in writing her non-acceptance of the provisions of the will, she is deemed to have accepted those provisions in lieu of her dower.

(2)      The third question in not susceptible of a simple affirmative or negative answer. A cardinal rule to be observed in the construction of wills is that the intention of the testator, in so far as it can be definitely ascertained, must govern. It is perfectly apparent, from an inspection of the will in question, that, besides the other bequests made to his widow, the testator desired her to have one-half of all the money he had in savings banks, and the other half he gave by the provisions of his will to Charlotte Cook Sayles and Charlotte T. Cook, his daughter and adopted daughter, respectively, the foregoing bequests being made in the first, second, and fifth clauses of his will. But in the thirteenth clause thereof he provided that before his savings bank money should be divided certain expenses were to be deducted therefrom. He therein directed his executor, the treasurer of the Rhode Island Hospital Trust Company, without otherwise naming him or showing that any personal trust or confidence is reposed in him as an individual, to see that his grave is lined in a certain manner, a duty that could well be performed by any person or persons competent to act in a representative capacity, and therefore that could well be attended to by the administrators with the will annexed; he then provided as follows: "The money for which as well as for his work to come out of my savings bank money before being divided."

We interpret the foregoing clause to mean that provision is therein made for payment of the cost of lining the grave and the executor's fees for services in settling the estate. A very narrow construction might be contended for which would limit the sum to be paid to an amount sufficient to cover the cost of so lining the grave and enough to pay the executor for his trouble in seeing that this work was properly performed, but we are satisfied that we ought not to take such a restricted view of the matter. A more liberal view would include not only the expense of lining the grave and the payment of the executor's fee, but would include funeral expenses and the expenses of administration and even the expense of the last sickness. We have taken a conservative course, and one which to our minds is more consonant with the intention of the testator as we gather the same from the entire will. Our answer to the third question therefore is that Kate Cook's part of the money in savings banks is subject to the expenses and charges mentioned in the thirteenth paragraph of the will and that except as aforesaid her part of the personal property is not subject to the debts of the deceased, his funeral expenses and charges of administration upon his estate. The answers hereinbefore given render an answer to the fourth question unnecessary.

(4)     Sufficient answers to the fifth, seventh and eighth questions may be found upon examination of the case of *Martin, Petitioner*, 25 R. I. 1, wherein, at pages twelve *et seq.*, Mr. Justice Rogers has given the subject an adequate and exhaustive consideration.

(3)     In answer to the sixth question we would say that the sum of $3,000 paid by way of compromise to the persons therein named may properly be considered as a part of the expenses of administration of the estate, and therefore should be paid with other like expenses and from the same sources.

*Fitzgerald and Higgins*, for Kate Cook, widow of William Cook.

*Cooney and Cahill* for guardian *ad litem* of Charlotte, Kate, Williminer, and Ann Cook, minors.

*James A. Williams* for Charlotte Cook Sayles.

*Thomas H. Holton*, for James and William Cook.